PYLE, Judge,
concurring in part, dissenting in part.
I concur with my colleagues on two points: (1) the existence of a possessory mechanics lien does not collaterally estop a party from litigating the validity of the lien, seeking a court order to return the property, or seeking monetary damages for injury to personal property;[18] (2) the mechanics lien was invalid; and (3) Banks may proceed on his claim under the Indiana Deceptive Consumer Sales Act. However, I respectfully dissent on the remaining points because I believe there is a genuine issue of material fact concerning Banks’s theft and conversion claims.
It is a fundamental principle within Indiana’s jurisprudence that appellate courts must carefully review decisions granting summary judgment motions to ensure that a party is not denied his day in court. As my colleagues correctly point out, the “facts regarding the work authorized to be done on the challenger and the communication regarding that work are highly disputed.” (emphasis added). As the majority outlined in the Facts and Procedural History section, Banks alleges that he brought the Challenger to Jamison for the installation of certain parts. In addition, he authorized sandblasting and sought “an opinion on what further body work, if any, needed to be done.... ” Appellant’s App. P. 70 (emphasis added). Ja-mison alleges that all work performed was authorized. Clearly, if Jamison is correct, he is entitled to judgment in his favor. However, if Banks’s allegations are true, they create an inference from which a jury could quite reasonably infer that Jamison knowingly performed work that was not authorized.
This case is ripe for trial. The facts are so highly disputed that a jury is required to observe the facial expressions of the parties, listen to the tenor of their voices, and make a decision regarding their credibility. I believe Banks is being denied his day in court. As a result, because there is a genuine issue of material fact regarding Banks’s theft and conversion claims, I would reverse the trial court’s grant of summary judgment.

. Indiana Code § 34-11-2-4 provides a two year statute of limitation for claims alleging injury to personal property.